# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | |
|---|---|
| **LORELEI COX** | **CASE NO.  2:22-CV-02408** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **ALLIED TRUST INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is a "12(b)(6) Motion to Dismiss" (Doc. 5) filed by counsel for Defendant Allied Trust Insurance Company ("Allied"). Allied complains that the instant Complain fails to state a claim upon which relief can be granted.

## INTRODUCTION

Plaintiff alleges the following in the Complaint.  Plaintiff's personal residence was insured by Allied during the period of August 16, 2020, through August 16, 2021.[1] On August 27, 2020, Hurricane Laura made landfall as a major category four hurricane a mere 30 miles from Lake Charles, Louisiana.[2] As a result of Hurricane Laura, the insured premises sustained damages.[3]

Plaintiff notified its insured and began mitigating her damages.[4] On September 17, 2020, Allied was given full access to inspect the insured premises.[5] Plaintiff had to retain

---

[1] Doc. 1, ¶ ¶ 10-11.
[2] *Id.* ¶ ¶ 14-15.
[3] *Id.* ¶ 17.
[4] *Id.* ¶ 21-22
[5] *Id.* ¶ 28.

counsel to handle communications with Allied to settle the claim.[6] Allied received satisfactory proof of loss but failed to timely investigate and settle the loss.[7] Allied breach the terms of the policy when it failed and/or refused to perform its obligation in accordance with its policy and Louisiana law by failing to pay for all benefits due to Plaintiff.[8] Allied failed to pay the amount due on the claim within sixty days of receiving satisfactory proof of loss.

## **RULE 12(b)(6) STANDARD**

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*,

---

[6] *Id.* ¶ 38.
[7] *Id.* ¶ 46.
[8] *Id.*  ¶ 43.

495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## LAW AND ANALYSIS

Allied maintains that Plaintiff's complaint fails to sufficiently plead any facts, that when accepted as true, would "plausibly suggest" that Plaintiff is entitled to any relief under Louisiana Revised Statute 22:1892 or 22:1973. While the Complaint fails to allege any dates regarding when Allied made any undisputed payments, the Court must assume, accepting the allegations as true, that Allied made no payments. Plaintiff has alleged that the premises suffered damage as result of Hurricane Laura, and a policy of insurance was in effect during the relevant time period. Plaintiff further alleges that Allied failed to properly investigate the damage and failed to pay the benefits due under the policy.

It appears to this Court that the Complaint fails to state facts such as when payments were made, if any, and the amount, and/or if Allied denied payments for any covered losses. The Court notes that the Complaint was recently filed on August 3, 2022, and thus is in its infancy. As such, the Court will permit Plaintiff to amend the Complaint to address Allied's complaints in the instant Motion to Dismiss.

## **CONCLUSION**

For the reasons set forth herein, the Court will deny the Motion to Dismiss and order

Plaintiff to amend the Complaint.

**THUS DONE AND SIGNED** in Chambers on this 26th day of October, 2022.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**